IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03726-NYW

BRENDA MEDINA,

    Plaintiff,

v.

SAFEWAY INC., a foreign corporation,

    Defendant.

## ORDER

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff Brenda Medina's ("Ms. Medina" or "Plaintiff") Opposed Motion to Strike Affirmative Defenses (the "Motion" or "Motion to Strike") filed April 12, 2021. [Doc. 24]. In the Motion, Ms. Medina seeks to strike Defendant Safeway Inc.'s ("Defendant" or "Safeway") affirmative defenses on the basis that they lack factual support. This court considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated February 8, 2021. [Doc. 13]. Defendant responded to the Motion to Strike (the "Response") on May 3, 2021[1]. [Doc. 29]. After carefully considering the Parties' briefing, the applicable case law, and the entire docket, I respectfully **GRANT IN PART and DENY IN PART** the Motion to Strike.

## BACKGROUND

    The following facts are drawn from Plaintiff's Complaint and are presumed true for the purposes of this instant Motion. Ms. Medina has been an employee of Safeway for 24 years. [Doc.

---

[1] Plaintiff did not file a reply to the Reply Brief to the Motion to Strike.

4 at ¶ 6]. Ms. Medina practices the Jehovah's Witness faith and, as part of her religious practice, does not celebrate holidays. [*Id.* at ¶ 8]. In the Fall of 2018, Safeway began a campaign where it was soliciting donations from customers at the check stands for "Turkey Bucks" and "Santa Bucks" as part of the holiday season. [*Id.* at ¶ 10].

Ms. Medina claims that she approached her supervisor and asked to be exempted from asking customers to donate to the campaign, citing her religious beliefs. [*Id*. at ¶ 11]. She claims that her supervisor denied this request and began harassing her by hovering at her check stand to see if she would ask customers to donate. [*Id.* at ¶ 13]. After Ms. Medina protested this solution, she claims her union representative and Safeway management pressured her into signing a document stating that she would take unpaid leave until after the holidays, when she would be permitted to return to work. [*Id.* at ¶¶ 15-16]. Safeway denies these claims. [Doc. 8 at ¶¶ 11, 13, 15, 16]. After also being on paid leave during the 2019 and 2020 holiday seasons, [*id.* at ¶¶ 18, 29], on March 18, 2020, Ms. Medina filed a charge of discrimination against Safeway with the Colorado Civil Rights Division and received a notice of right to sue on October 13, 2020. [*Id.* at ¶ 32]. In her Complaint, Ms. Medina raises two claims: (1) religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*.; (2) religious discrimination and retaliation in violation of Colorado's Anti-Discrimination Act ("CADA"). Colo. Rev. Stat. § 24-34-401, *et seq.* [Doc. 4 at 5-6]. In her Complaint, Ms. Medina seeks the following relief: declaratory and/or injunctive relief; compensatory damages, attorneys' fees; pre-judgment, post-judgment, and moratory interest; liquidated damages and/or statutory penalties; and any other relief as the court deems just and proper. [*Id.* at 6-7].

In its Answer, Safeway argues that Ms. Medina has always been accommodated with respect to the fund-raising practices during the holiday season since the first instance in which she

2

objected to participating in such practices due religious reasons.  [Doc. 8 at ¶ 9].  Safeway raises the following affirmative defenses:[2] (1) Plaintiff's claims are without merit; (2) Plaintiff failed to mitigate damages; (3) all actions taken by Safeway were for legitimate non-discriminatory reasons; (4) any allegations not raised by Plaintiff are barred due failure to exhaust administrative remedies and lack of subject matter jurisdiction; (5) Plaintiff's claims that fall outside the statute of limitations or filing periods are barred; (7) punitive damages are barred by the United States and Colorado Constitution and cannot be awarded on a theory of respondeat superior;[3] (8) exemplary and/or punitive damages are barred because Safeway has not engaged in any practices with malice, reckless indifference, or willful disregard for Plaintiff's rights. [*Id.* at 4-6].

Ms. Medina argues that the court should strike these affirmative defenses for three main reasons: (1) the affirmative defenses are "naked assertions" that lack any factual support; (2) the affirmative defenses have no plausible bearing on the case; and (3) Ms. Medina is prejudiced and unduly burdened by having to respond to and conduct discovery on these defenses.  [Doc. 24 at 2-3].  Safeway argues that the affirmative defenses as stated give Ms. Medina sufficient notice of its affirmative defenses, and that Ms. Medina can then "use the discovery process to investigate more fully the factual basis supporting the defense[s]." [Doc. 29 at 1].  Furthermore, Safeway provided additional details regarding the legal and factual basis for each of the affirmative defenses in response to Interrogatory No. 9.  [*Id.* at 2].

---

[2] The court notes that the Answer designates these assertions as simply "defenses" rather than "affirmative defenses."  [Doc. 8 at 4-6; *see also* [Doc. 29 at 2].  As discussed below, it does not appear that all of these defenses are properly characterized as affirmative defenses.

[3] In its Answer, Defendant does not assert a sixth affirmative defense.  *See* [Doc. 8 at 5].  For purposes of clarity, this court refers to the affirmative defenses as numbered by Defendant.

**LEGAL STANDARD**

Rule 12(f) of the Federal Rules of Civil Procedure permits a district court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993). However, motions to strike under Rule 12(f) are disfavored. *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985) (citing 5 Wright & Miller, Federal Practice and Procedure § 1380, at 783 (1969)); *see also Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (describing Rule 12(f) motions as a "generally-disfavored, drastic remedy").

Rule 12(f) provides for striking affirmative defenses that are insufficient. *Unger v. US W., Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995) (citing Fed. R. Civ. P. 12(f)). "An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Id.*; *S.E.C. v. Nacchio*, 438 F. Supp. 2d 1266, 1287 (D. Colo. 2006). As set forth above, striking an affirmative defense is considered a "severe remedy," and courts within this district have recognized that defenses should not be stricken "if there is any real doubt" about their validity, and that "the benefit of any doubt should be given to the pleader." *Chavaria v. Peak Vista Cmty. Health Ctrs.*, No. 08-cv-01466-LTB-MJW, 2008 WL 4830792, *1 (D. Colo. Nov. 5, 2008); *see also Michaud v. Greenberg & Sada, P.C.*, No. 11-cv-01015-RPM-MEH, 2011 WL 2885952, *2 (D. Colo. July 18, 2011) (holding that an affirmative defense may only be stricken if "as a matter of law, the defense cannot succeed under any circumstance").

Courts within this district have held that the requirement that a complaint set forth sufficient factual matter allowing for a reasonable inference that the pleader is entitled to relief, as

set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), does not apply to affirmative defenses. *Alarid v. Biomet, Inc.,* No. 14-cv-02667-REB-NYW, 2015 WL 6376171, at *2 (D. Colo. Sept. 22, 2015); *see also Malibu Media, LLC v. Benson,* No. 13-cv-02394-WYD-MEH, 2014 WL 2859618, at *2 (D. Colo. June 20, 2014) (citing *Unger,* 889 F. Supp. at 422) (holding that "[a]n affirmative defense is sufficient if stated 'in short and plain terms' pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under any circumstances")). "[E]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 471 U.S. 1098 (1986) (citing 5C Wright & Miller, § 1381 at 800-01).

Finally, motions to strike are usually only granted when the allegations in the complaint have no bearing on the controversy and the movant can show that it has been prejudiced. *See Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001) ("where the challenged allegations fall within the categories set forth in the rule [Rule 12(f)], a party must usually make a showing of prejudice before the court will grant a motion to strike.") District courts often decline to strike improperly pled affirmative defenses absent a showing of prejudice. *Alarid*, 2015 WL 6376171, at *2. Even in cases where the challenged pleadings fit within a category enumerated by Rule 12(f) and some showing of prejudice is made, "discretion remains with the Court to grant or deny" the motion to strike. *Big Cats of Serenity Springs, Inc. v. Vilsack*, No. 13-cv-03275-REB-KLM, 2015 WL 1432069, at *13 (D. Colo. March 25, 2015)

## ANALYSIS

Plaintiff's motion seeks to strike all of Defendant's affirmative defenses on the basis that (1) the affirmative defenses lack any factual support; (2) the affirmative defenses have no plausible bearing on the case; and (3) having to respond to these defenses prejudices and unduly burdens the Plaintiff. [Doc. 24 at 2-3]. Defendant opposes the request to strike all affirmative defenses on the basis that the affirmative defenses as stated give Plaintiff adequate notice of its affirmative defenses. Defendant has agreed to withdraw defenses seven and eight based on Plaintiff's representation that she does not seek punitive damages in this case. [Doc. 29 at 3]. With the aforementioned legal principles in mind, the court will consider each of the challenged affirmative defenses in turn.

I.   **First, Second, Third, Fourth, and Fifth Affirmative Defenses**

Safeway raised the following affirmative defenses:

(1) "Plaintiff's claims, and each of them, are without merit;"

(2) "Plaintiff has failed to mitigate her damages, if any;"

(3) "All actions taken by Safeway with respect to Plaintiff's employment were for legitimate non-discriminatory reasons;"

(4) "Any allegations not raised in Plaintiff's charge of discrimination are barred for failure to exhaust administrative remedies and lack of subject matter jurisdiction;" and

(5) "To the extent Plaintiff's claims fall outside the applicable statute of limitations or filing periods, such claims are barred."

[Doc. 8 at 4-6].

As an initial matter, it is not clear that all of these defenses are affirmative in nature. An "affirmative defense," is defined as "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint

6

are true." *See Purzel Video GmbH v. St. Pierre*, 10 F. Supp. 3d 1158, 1170 (D. Colo. 2014) (quoting Black's Law Dictionary (9th ed.2009)); *Lane v. Page*, 272 F.R.D. 581, 598 (D.N.M. 2011) (overruled on other grounds) ("An affirmative defense, under the meaning of Fed. R. Civ. P. 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven."). Thus, Defendant's argument that "Plaintiff's claims, and each of them, are without merit," is more appropriately characterized as a defense, rather than an affirmative defense. Rule 8(b) of the Federal Rules of Civil Procedure only requires that the moving party "state in short and plain terms its defenses," Fed. R. Civ. P. 8(b), and does not require defendants to support defenses with factual allegations. *Lane v. Page*, 272 F.R.D. 581, 592 (D.N.M. 2011). Further, "[c]ourts in this district and in others [] have declined to apply the more exacting *Twombly/Iqbal* standard in reviewing motions to strike defenses." *United States v. $40,060.00 in United States Currency*, No. 16-CV-02650-RM-KLM, 2017 WL 10667229, at *4 (D. Colo. July 27, 2017). This court next turns to Plaintiff's arguments. First, Plaintiff asks the court to strike Defendant's affirmative defenses because they lack factual support. [Doc. 24 at 3]. As noted above, striking pleadings is a disfavored remedy, and Rule 8(c) of the Federal Rules of Civil Procedure which provides the requirements for pleading affirmative defenses, does not require factual support. *See* Fed.R.Civ.P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense...."). A defendant is not required to plead an affirmative defense with the same level of thoroughness required to state a claim for relief. *Cagle v. The James St. Grp.,* 400 F. App'x 348, 355 (10th Cir. 2010) (unpublished); *Alarid,* 2015 WL 6376171, at *2; *Michaud,* 2011 WL 2885952, at *4 ("[I]t is untenable to require a defendant to plead an affirmative defense with the same level of thoroughness required to state a claim for relief, considering the limited time frame to produce an

7

answer.")  In *Cagle,* the Tenth Circuit adopted the proposition that "[t]he rules do not require a party to plead every step of legal reasoning that may be raised in support of its affirmative defense; they only require a defendant to state in short and plain terms its defenses to a plaintiff's claims." 400 F. App'x at 355 (quoting *Wisland v. Admiral Beverage Corp.,* 119 F.3d 733, 737 (8th Cir. 1997)).  There, the court found that defendant's "lack of privity" affirmative defense was "sufficient to preserve the component elements of the defense." *Id.*  Thus, Safeway's affirmative defenses, like the affirmative defenses in *Cagle*, are short and plain statements that provide sufficient notice to Plaintiff with the component elements of the defenses.

Second, Plaintiff argues in the alternative that the affirmative defenses have no plausible bearing on the case.  [Doc. 24 at 3].  However, apart from defenses seven and eight, Plaintiff does not attempt to make any showing that the challenged defenses pertain to factual subject matter that would not otherwise be relevant to the claims at issue in this litigation.  *See generally* [*id.*]; *see also Alarid*, 2015 WL 6376171, at *3.  When taken together with Plaintiff's Complaint, the Answer puts Plaintiff on notice as to the nature of the affirmative defenses asserted.[4]  *See, e.g.*, [Doc. 4 at ¶ 45 (Plaintiff alleging religious discrimination)]; [Doc. 8 at 5 (Defendant asserting that its actions were based on legitimate, non-discriminatory reasons)].  Furthermore, Safeway's response to Plaintiff's Interrogatory No. 9, which requested Defendant to "[s]tate with complete specificity the legal and factual basis for the Defenses or Affirmative Defenses asserted in [Defendant's] Answer to Plaintiff's Complaint" provide additional information as to the factual bases of its affirmative defenses.  [Doc. 29 at 2]; *see also Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 648 (D. Kan.

---

[4] Additionally, the court finds that Defendant sufficiently pled its affirmative defenses to avoid unfair surprise to Plaintiff.  *See Siegel v. Blue Giant Equip., LLC*, No. 15-cv-143-TCK-PJC, 2016 WL 3248419, at *2 (finding no unfair surprise because, where Defendant's affirmative defenses appeared vague and/or without adequate factual support, the corresponding portions of Plaintiff's Complaint also lacked such factual information).

2009) (considering whether defendant's answers in interrogatories showed a reasonable basis for raising affirmative defenses).

Finally, Plaintiff asserts that she is prejudiced and unduly burdened by having to respond to and conduct discovery on Defendant's affirmative defenses.  But discovery is oftentimes needed to fully explore relevant defenses, *Michaud,* 2011 WL 2885952, at *4, and Ms. Medina has availed herself of discovery.  Even where the affirmative defenses fall within the categories set forth in Rule 12(f), a party must usually make a showing of prejudice before the court will grant a motion to strike.  *Sierra Club*, 173 F.R.D. at 285.  Here, Plaintiff provides no argument or evidence to support her argument that she is "prejudiced and unduly burdened by having to respond to and conduct discovery on defenses that lack any factual support."  [Doc. 24 at 3].  Thus, this court concludes that Plaintiff has not carried her burden in establishing prejudice and striking Defendant's affirmative defenses is not warranted.  *See, e.g., Chavaria*, 2008 WL 4830792, at *2 (finding that plaintiff failed to show prejudice where she did not provide a supporting argument on how he was prejudiced by affirmative defenses that "lack[ed] a factual basis"); *see also Alarid*, 2015 WL 6376171, at *3 (concluding that plaintiff failed to show prejudice where he did not provide a supporting argument on how he was prejudiced by an "expanded scope of discovery"); *see also Chung v. Lamb,* No. 14-cv-03244-WYD-KLM, 2016 WL 11548167, at *2 (D. Colo. Aug. 30, 2016) (denying a motion to strike, based on a lack of demonstrated prejudice, where the plaintiff argued that she would "be prejudiced through devotion of more resources to this case for each inherently defective affirmative defense and through resulting confusion that improperly complicates this case," because the asserted prejudice was "vague and mere speculation").

## II.     Seventh and Eighth Affirmative Defenses

In her Complaint, Plaintiff seeks relief for "liquidated damages and/or statutory penalties as provided by law." [Doc. 4 at 7]. In its Answer, Defendant raises affirmative defenses seven and eight asserting that exemplary and/or punitive damages are barred under either of Plaintiff's statutory claims and that it has not engaged in any practices with "malice, reckless indifference or with willful disregard for Plaintiff's rights." [Doc. 8 at 5]. However, in her Motion to Strike, Plaintiff clearly indicates that she is "not even seeking punitive damages." [Doc. 24 at 4–5]. Defendant states in its Response to Plaintiff's Motion to Strike that these affirmative defenses were asserted on the chance that Plaintiff was seeking punitive damages but that, "[w]ith Plaintiff's assurance that she does not assert [claims for punitive damages], defenses seven and eight are withdrawn." [Doc. 29 at 3]. Nevertheless, it does not appear that Defendant has formally withdrawn such defenses. Accordingly, for avoidance of doubt, this court respectfully **STRIKES** them.

## CONCLUSION

For these reasons, it is hereby **ORDERED** that:

(1)     The Opposed Motion to Strike Affirmative Defenses [Doc. 24] is **GRANTED IN PART** as to Defendant's Seventh and Eighth Affirmative Defenses; and **DENIED IN PART** as to all other relief sought.

DATED: October 15, 2021

BY THE COURT:

_Nina Y. Wang_
Nina Y. Wang
United States Magistrate Judge